```
                                                    ┌─────────────────────────────┐
                                                    │ USDS SDNY                   │
                                                    │ DOCUMENT                    │
                                                    │ ELECTRONICALLY FILED        │
                                                    │ DOC #: _____      │
                                                    │ DATE FILED: 2-11-14         │
                                                    └─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SEFERINO MENDOZA,

       Petitioner,

  -against-

UNITED STATES OF AMERICA,

       Respondent.
----------------------------------------------------------x

13 Civ. 1160 (PKC)
08 Cr. 482 (PKC)

MEMORANDUM
AND ORDER

CASTEL, U.S.D.J.

   Seferino Mendoza has filed, pro se, a petition to vacate, set aside, or correct a

sentence pursuant to 28 U.S.C. § 2255, asserting that he was deprived of the effective assistance

of counsel guaranteed by the Sixth Amendment to the United States Constitution, that his guilty

plea was unintelligent and involuntary, and he was actually innocent of the crime of possessing a

firearm in furtherance of a robbery, to which he pleaded, thereby implicating the Fifth

Amendment's due process clause.

   Mendoza brought the instant petition on February 29, 2013. (Docket # 1, 13 Civ.

1160(PKC).) The government answered on May 20, 2013. (Docket # 8.) After granting

multiple requests for extension of time, the Court stated that November 15, 2013, would be a

final deadline, after which it would decide the petition on the existing papers. (Order 1, Docket

# 17.) As of February 10, 2014, Mendoza has not filed a reply. Consequently, the Court will

consider the documents submitted with Mendoza's petition, the government's response, and any

declarations already provided to the Court.

   For reasons explained, the Mendoza's petition is denied.

*Mailed to Mendoza 2/11/14*

BACKGROUND

On April 22, 2009, Mendoza pleaded guilty to conspiracy to commit robbery, robbery, and possessing a firearm in furtherance of the robbery charged.  (Apr. 22, 2009, Tr. 17–18, 26.)  "It is well settled that a defendant's plea of guilty admits all of the elements of a formal criminal charge and, in the absence of a court-approved reservation of issues for appeal, waives all challenges to the prosecution except those going to the court's jurisdiction."  Hayle v. United States, 815 F.2d 879, 881 (2d Cir. 1987) (citations omitted).  "Thus, after a judgment of conviction has been entered upon the defendant's plea of guilty, the defendant may not raise nonjurisdictional challenges either on direct appeal or by collateral attack under § 2255."  Id. (citations omitted).

At the plea proceeding, Mendoza confirmed that he felt "fine" and that his mind was clear.  (Apr. 22, 2009 Tr. 4.)  He confirmed that he had enough time to discuss all of his options with his lawyer and was satisfied with his lawyer's representation of him.  (Id. at 4–5.) The Court explained the rights he would have if he went to trial and the rights he was giving up by pleading guilty in detail and in a manner compliant with Rule 11(b), Fed. Crim. P. (Id. at 5–7.)  Mendoza also confirmed that no one had threatened him or forced him to plead guilty and no one made any promises to induce him to plead guilty.  (Id. at 12.)  He asserted that he had reviewed his plea agreement (the "Plea Agreement") with his lawyer before signing it and that he understood it.  (Id. 12–13.)

Mendoza acknowledged that, under the Plea Agreement, he "waived [his] right to appeal or collaterally attack a sentence, unless the sentence that [the Court] impose[s] is above the stipulated guideline range, and, in that event, the law will only allow [him] to challenge the sentence on the ground that it is unreasonable or contrary to law."  (Id. at 15.)  The Court's inquiry of Mendoza was consistent with the terms of the Plea Agreement, which he understood

and signed.  That agreement provided, <u>inter alia</u>, that he "will not file a direct appeal, nor litigate

under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or

below the Stipulated Guidelines Range," which was 219 to 252 months.  (Resp't's Mem. of Law

in Opp'n to Pet'r's Pet. Ex. A ("Plea Agreement"), at 6–7.)

   The Court inquired of the facts which led Mendoza to believe he was guilty.  He

stated that he conspired with others to steal cocaine, that he participated in a robbery, and that

another member of the robbery crew brandished a gun during the course of the robbery.  (Apr.

22, 2009 Tr. 21–25.)  Mendoza further stated that he knew what he was doing was wrong and

unlawful.  (<u>Id.</u> at 26–27.)  He then entered a plea of guilty.  (<u>Id.</u> at 27).  The Court found there

was a factual basis for Mendoza's guilty plea and found the plea to be knowing and voluntary.

(<u>Id.</u>)

   Subsequently, the Court sentenced Mendoza to 219 months, which was the low

end of the guideline range.  (Jan. 13, 2010 Tr. 27.)  Mendoza filed a timely notice of appeal to

the Second Circuit.  On appeal, his attorney filed a brief pursuant to <u>Anders v. United States</u>, 386

U.S. 738 (1967), that, in his opinion, there were no meritorious claims for appeal and sought

leave to withdraw as counsel.  Brief for Def.-Appellant Pursuant to <u>Anders v. California</u>, 386

U.S. 738 (1967) 9, <u>United States v. Mendoza</u>, No. 10-358-cr (Aug. 9, 2010).  The Second Circuit

summarily granted counsel's motion, and affirmed Mendoza's conviction and sentence.  Am.

Order, <u>United States v. Mendoza</u>. No. 10-358-cr (Nov. 22, 2011).

DISCUSSION

I. <u>Mendoza Waived his Right to Collaterally Attack the Sentence.</u>

   The Second Circuit has consistently upheld the validity and enforceability of a

waiver of a right to appeal or collaterally attack a sentence present in a plea agreement.  <u>See, e.g.</u>,

<u>United States v. Pearson</u>, 570 F.3d 480, 485 (2d Cir. 2009) (per curiam); <u>Garcia-Santos v. United</u>

- 3 -

States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam).  However, a court will not uphold a

waiver "on a basis that is unlimited and unexamined."  United States v. Ready, 82 F.3d 551, 555

(2d Cir. 1996).  In this Circuit, there are limited exceptions to the presumption of enforceability

of a waiver, "such as when the waiver was not made knowingly, voluntarily, and competently,

when the sentence was imposed based on constitutionally impermissible factors, such as ethnic,

racial or other prohibited biases, when the government breached the plea agreement, or when the

sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to

an abdication of judicial responsibility subject to mandamus."  United States v. Gomez-Perez,

215 F.3d 315, 319 (2d Cir. 2000) (internal quotation marks and citations omitted).

Mendoza claims that he did not knowingly and voluntarily enter into the Plea

Agreement, thus rendering the waiver unenforceable.  Mendoza does not allege any other basis

for setting aside the Plea Agreement.  In determining whether a waiver was knowing and

voluntary, courts look to the circumstances surrounding the plea.  See United States v. Cook, 722

F.3d 477, 482 (2d Cir. 2013).  Here, the waiver was explicit in the Plea Agreement.  (Plea

Agreement 6–7.)  At his pleading, Mendoza told the Court that had enough time to consider his

options, that he reviewed and understood the terms of the Plea Agreement, that he had not been

coerced into pleading, and that he understood that he was waiving his right to collaterally attack

his sentence.  (Apr. 22, 2009, Tr. 4–5, 12–15).  At that time, the Court found Mendoza's guilty

plea to be knowing and voluntary.  (Id. at 27.)

Mendoza now claims that he was not provided enough time to consider his

options, that he was pressured into pleading by his attorney, and that a waiver was never

discussed.  These uncorroborated statements are in direct contradiction to those he made, under

oath, to this Court.  A defendant's allegations that merely contradict the record are not sufficient

to show that a guilty plea was not knowing and voluntary.  See United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997).

The Court concludes, as it concluded at the allocution, that Mendoza's plea was knowing and voluntary, and the waiver provision in the Plea Agreement forecloses his petition.

II.  Mendoza's Other Contentions Are Without Merit.

Mendoza claims that he is actually innocent of the brandishing charge to which he pleaded, and that he had ineffective assistance of counsel, both at trial, and on appeal.  These claims are foreclosed by the waiver present in the Plea Agreement.  Assuming, arguendo, that the claims were not foreclosed, they still do not provide a basis to challenge the sentence.

To succeed in a claim of actual innocence, the petitioner must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (internal quotation marks and citations omitted).  Mendoza's culpability for the brandishing charge stems from his role as an accomplice in the robbery.  Mendoza admitted that a member of the robbery crew brandished a gun in order to intimidate the victim.  (Apr. 22, 2009 Tr. 24–25.)  He now asserts that he did not know that a member of the robbery crew had a gun, nor was it reasonably foreseeable that he would bring a gun to the robbery.  Based on the facts admitted, the Court concludes that a reasonable juror could find it reasonably foreseeable that a member of a robbery crew would bring a gun in an attempt to steal cocaine.

On a claim of ineffective assistance of counsel, a defendant must first overcome a presumption of effective representation by presenting evidence that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 688–90 (1984).  Second, the defendant must prove prejudice by showing a reasonable probability that, but for counsel's performance, the result

- 5 -

would have been different.  Id. at 694.  It is insufficient to show that counsel's errors had "some conceivable effect" on the outcome.  Id. at 693.  Instead, the defendant must show "a probability sufficient to undermine confidence in the outcome."  Id. at 694.

Mendoza asserts that counsel failed to adequately communicate with him, failed to negotiate a better Plea Agreement, pressured him into accepting the Plea Agreement, and inappropriately filed an Anders brief on appeal.  However, Mendoza stated on the record, and in open court, that he was satisfied with his representation, understood the terms of his plea agreement, and understood the potential sentence he would receive.  (Apr. 22, 2009 Tr. 5, 12–13.)  Testimony at allocution "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made."  United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001).

As noted above, at the plea allocution, the Court found Mendoza's guilty plea to be voluntary and knowing, and that the charge of brandishing had a sufficient factual basis.  As such, counsel's filing of an Anders brief was not objectively unreasonable.  Furthermore, if Mendoza was dissatisfied with counsel, or did not understand the Plea Agreement, he did not raise these issues at the allocution and stated, under oath, that he was both satisfied with counsel, and reviewed and understood the Plea Agreement.

CONCLUSION

Based on the foregoing reasons, the petition is DENIED.  The Clerk is directed to enter judgment for the respondent.

Mendoza has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue.  28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016–17 (2d Cir. 1997).  This Court certifies pursuant to 28

U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

      SO ORDERED.

P. Kevin Castel<br>
United States District Judge

Dated: New York, New York<br>
      February 11, 2014